UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GINA WALKER, § | | |
| *Plaintiff* § | | |
| § | | |
| § | | |
| § | | |
| v. § | CASE NUMBER: 1:21-cv-00942 | |
| § | | |
| § | | |
| 17 HUDSON ASSOCIATES, § | | |
| LIMITED PARTNERSHIP & § | | |
| HUNTER WARFIELD, INC., § | | |
| § | | |
| *Defendants* § | DEMAND FOR JURY TRIAL | |
| § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Gina Walker ("Plaintiff Gina" or "Walker" herein), brings this action against Defendants, 17 Hudson Associates, Limited Partnership ("17 Hudson" or "Defendant" herein), and Hunter Warfield, Inc. ("Hunter Warfield" herein).

### PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA and TDCA.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because Plaintiff Gina resides in this District and the acts complained herein, in part, occurred in this District.

## STANDING

4. Plaintiff Gina has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff Gina further suffered a concrete injury because of Defendants' violations contained herein, which resulted in actual damages, including and not limited to her credit.

6. Plaintiff Gina further suffered a concrete informational injury because of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff Gina.

## THE PARTIES

7. Plaintiff, Gina Walker, is an individual who resides in Williamson County, Texas.

8. Defendant, Hunter Warfield, Inc., is a Maryland corporation that is authorized to conduct business in Texas and may be served at the following address:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

9. Defendant, 17 Hudson Associates, Limited Partnership, is a Foreign Limited Partnership which can be served at the following address:

> Raja Khanna
> 80 Nashua Road Ste A1
> Londonderry, NH 03053

## FACTUAL ALLEGATIONS

10. Plaintiff Gina and her now spouse, Mark Walker, were former tenants of a residential apartment complex in New Hampshire that was/is owned by 17 Hudson.

11. Although her then fiancée, Mark Walker, signed a residential lease ("Lease" herein) with 17 Hudson on or about February 1, 2017, Plaintiff Gina was not a signatory on the Lease. Moreover, Plaintiff Gina did not reside at the subject leasehold until a number of months after the inception of the Lease, and only after Plaintiff Gina became the spouse of Mark Walker.

12. Ultimately, Plaintiff Gina and her spouse vacated the premises prior to the end of the Lease term.

13. Notwithstanding the fact that Plaintiff Gina was never a signatory on the Lease, Defendants subsequently sought to collect from Plaintiff Gina the alleged debt ("alleged debt" herein), consisting of purported unpaid rent and related fees. Indeed, after the purported default of the alleged debt, 17 Hudson a) filed a lawsuit against Plaintiff Gina, and b) placed the alleged debt with Hunter Warfield, which in turn reported adverse credit information.

14. The alleged debt is for goods and services for personal, family or household purposes in connection to a residential leasehold/Lease.

15. The alleged debt is a "debt" as that term is defined by § 1692a (5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

16. Plaintiff Gina is a "consumer" as that term is defined by § 1692a (3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

17. Hunter Warfield is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) of the FDCPA.

18. Hunter Warfield is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

19. 17 Hudson is a "debt collector" as defined in § 392.001(6) of the TDCA.

20. On or about February 3, 2021, 17 Hudson also commenced a lawsuit ("Lawsuit herein) against Plaintiff Gina and her husband for the damages in connection to the Lease (cause number 3SC-21-0028, Hays County Justice of the Peace, Precinct #3). Plaintiff Gina retained the undersigned counsel for legal representation.

21. Ultimately, Plaintiff Gina filed a Motion for Summary Disposition against 17 Hudson (after engaging in discovery), seeking a dismissal from the Lawsuit since Plaintiff was not a proper party. On or about September 28, 2021, 17 Hudson dismissed Plaintiff Gina from the lawsuit, effectively admitting that she was not a proper party to the Lawsuit (See Exhibit A).

22. Plaintiff Gina also discovered adverse credit reporting by Hunter Warfield with at least one credit bureau with regards to the alleged debt. Moreover, prior to September 1, 2021, Plaintiff Gina sent a written dispute to Hunter Warfield with regards to the alleged debt.

23. As recently as August 29, 2021, Hunter Warfield transmitted to Equifax information regarding the alleged debt that indicated Plaintiff Gina was liable for a balance of $6225.00. Hunter Warfield further transmitted to Equifax that there was a dispute, thereby acknowledging receipt of the dispute by Plaintiff.

24. Plaintiff alleges that the transmission of the credit reporting balance of $6225.00 to Equifax by Hunter Warfield for the alleged debt was materially false and misleading.

25. The transmission of the credit reporting balance of $6225.00 to Equifax by Hunter Warfield regarding Plaintiff Gina's purported $6225.00 for the alleged debt/obligation for any breach of the Lease was a "communication" as that term is defined in 15 U.S.C. § 1692a (2).

26. The transmission of the credit reporting balance of $6225.00 to Equifax by Hunter Warfield regarding Plaintiff Gina's purported $6225.00 for the alleged debt/obligation for any breach of the Lease was a form of "debt collection" as that term is defined by § 392.001(5) of the TDCA.

27. The filing of the Lawsuit by 17 Hudson against Plaintiff Gina was a "communication" as defined by 15 U.S.C. § 1692a (2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

28. Plaintiff Gina alleges that 17 Hudson further engaged in debt collection of the alleged debt by the assignment of the alleged debt to Hunter Warfield and by its efforts to direct and influence the collection of the alleged debt from Hunter Warfield.

29. Plaintiff Gina further alleges that 17 Hudson communicated with Hunter Warfield false information regarding the alleged debt in so much as 17 Hudson sent to Hunter Warfield instructions to collect the alleged debt from Plaintiff Gina.

30. Plaintiff Gina alleges that the lawsuit by 17 Hudson contained false and misleading information regarding Plaintiff Gina's liability for the alleged debt.

31. Moreover, both Defendants continued to collect the alleged debt from Plaintiff Gina even after she disputed the alleged debt.

32. Plaintiff Gina alleges that 17 Hudson was aware that Hunter Warfield was reporting false information to the credit bureaus.

33. Plaintiff Gina alleges that Hunter Warfield knew or should have known that the information that it transmitted to Equifax was materially false because she had already disputed the alleged debt. Consequently, Hunter Warfield was under an obligation to verify the accuracy of the alleged debt and to review the Lease before transmitting further false information to Plaintiff Gina's credit bureaus.

34. Plaintiff Gina alleges she incurred actual damages from foregoing collection activity by 17 Hudson and Hunter Warfield as she retained counsel to defend against the Lawsuit. Plaintiff Gina further alleges that she has suffered damage to her credit and that she has also experienced emotional distress and humiliation in connection to the collection efforts by 17 Hudson and Hunter Warfield.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff Gina incorporate all facts as alleged in the foregoing paragraphs.

36. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

37. Plaintiff Gina alleges Hunter Warfield violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of materially false credit information to Equifax regarding the alleged debt in so much as Plaintiff Gina was not a party and signatory to the Lease.

38. Plaintiff Gina alleges 17 Hudson violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by filing the Lawsuit against Plaintiff Gina, notwithstanding the fact that she was not liable for the alleged debt.

39. Plaintiff Gina alleges that Defendant 17 Hudson misrepresented the amount of the alleged debt in the allegation in the Lawsuit and by instructions to Hunter Warfield to collect the alleged debt when 17 Hudson knew or should have known Hunter Warfield would engage in collection activity against her.

40. Plaintiff Gina alleges she has actual damages because of the foregoing violations.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff Gina re-alleges the above paragraphs as if set forth fully in this count.

42. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
    (A) the character, amount, or legal status of any debt;**

    **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

43. Plaintiff Gina alleges that Hunter Warfield violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely transmitting to Equifax that she was liable for the alleged debt, in the amount of $6225.00, notwithstanding the fact that Plaintiff Gina was not a signatory on the Lease.

44. Hunter Warfield further violated section e (8) of 15 U.S.C. § 1692e by transmitting incorrect information to Equifax regarding Plaintiff Gina's liability for the alleged debt.

## JOINT ENTERPRISE

45. Plaintiff Gina incorporate all facts as alleged in the foregoing paragraphs.

46. Plaintiff Gina alleges that all the Defendants are collectively liable under the TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. See Shoemaker v. Estate of Whistler, 513 S.W.2d10, 18 (Tex.1974).

47. Plaintiff Gina alleges that 17 Hudson and Hunter Warfield jointly engaged in the improper collection of the alleged debt.

## VICARIOUS LIABILITY

48. Plaintiff Gina incorporate all facts as alleged in the foregoing paragraphs.

49. Plaintiff Gina alleges that 17 Hudson is liable for the actions of Hunter Warfield by virtue of vicarious liability and/or agency.

50. Plaintiff Gina further alleges that 17 Hudson is liable for the actions of Hunter Warfield by virtue of vicarious liability and/or agency. At the very least 17 Hudson provided materially false information to Hunter Warfield, knowing that Hunter Warfield would use this information to collect the alleged debt from Plaintiff.

51. Plaintiff Gina further alleges that 17 Hudson allowed Hunter Warfield to engage in improper collection practices complained herein.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

52. Plaintiff Gina requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders 17 Hudson and Hunter Warfield to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff Gina to the extent there is still adverse/incorrect reporting.

## REQUEST FOR ATTORNEY'S FEES

53. Plaintiff Gina seeks reasonable attorneys' fees as per the FDCPA and TDCA and any other statutory or common law basis.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gina Walker, respectfully prays that the Defendants, 17 Hudson Associates, Limited Partnership, and Hunter Warfield, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff Gina against both Defendants, as follows:

   a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendants to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff Gina;

   b. The Court award Plaintiff Gina actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

   c. The Court award Plaintiff Gina costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

      d.  The Court award Plaintiff Gina actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2) and any other applicable provision;

      e.  The Court award Plaintiff Gina costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

      f.  The Court award Plaintiff Gina prejudgment and post judgment interest as allowed by law;

      g.  The Court grant Plaintiff Gina such further relief to which she may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Gina Walker*